DIBRELL BROS., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21406. Promulgated February 6, 1930.

*P. D. Hutchison, C. P. A.,* for the petitioner.
*C. H. Curl, Esq.,* and *P. A. Bayer, Esq.,* for the respondent.

## OPINION.

Trammell: The petitioner contends that its use of borrowed capital during the taxable year produced an abnormality affecting capital and income within the meaning of section 327 of the Revenue Act of 1918. It does not contend that the amount of money borrowed by it without the security of its officers is abnormal, but does contend, as stated in its brief, "that the amount of money borrowed upon the individual notes of the officers is very unusual, for the corporation was in no way responsible for these notes, but received the benefit of

them and the officers in guaranteeing, endorsing and borrowing upon their notes placed their individual property in jeopardy for the benefit of the corporation without any consideration or compensation."

Whether the use of borrowed money creates an abnormality within the meaning of section 327 is a question of fact to be determined from the evidence. *G. M. Standifer Construction Corporation et al.*, 4 B. T. A. 525.

The petitioner offered evidence only as to the amount of borrowed money and submitted no evidence as to its invested capital or as to the total amount of capital used in the business during the taxable year. Neither was any attempt made by the petitioner to show the average amount of each or either class of capital for the whole or any portion of the taxable year.

There is no definite testimony as to petitioner's income. The evidence shows that the excess of interest received by the petitioner over that paid was $88,073.76. No evidence directed to the amount of petitioner's gross income was offered.

There are some statements in the petitioner's brief to the effect that the net amount of interest of $88,073.76 received is attributable to the money borrowed by the officers and turned over to the corporation and that the money obtained through the borrowings of the officers and upon their endorsement and guarantee was used by the petitioner without any cost to it. A careful examination of the record discloses nothing to support either of these statements. With respect to the petitioner using borrowed capital obtained in the manner mentioned without cost to it, the record tends to refute rather than substantiate the petitioner's statement.

From the record we are unable to determine whether the use of borrowed capital in the proportions used by the petitioner created an abnormality which resulted in undue hardship. Clearly the mere fact alone that borrowed capital was used in the business is not sufficient for the granting of special assessment. *Peck Coal Corporation*, 15 B. T. A. 189; *Cohn Goldwater Co.*, 15 B. T. A. 970; *C. Bruno & Sons, Inc.*, 14 B. T. A. 103.

Nor is the mere fact that money was borrowed without cost in itself an abnormality.

We think the petitioner has failed to establish any abnormality in capital or income and its contention that its profits tax should be determined under section 328 of the Revenue Act of 1918 must be denied.

*Judgment will be entered for the respondent.*